**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 4:35 pm, Mar 28, 2018*

ARGIE LEE BROOKS,

      Petitioner,

      v.

WARDEN SHAY HATCHER,

      Respondent.

CIVIL ACTION NO.: 2:17-cv-106

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Argie Brooks ("Brooks"), who is currently incarcerated at Rutledge State Prison in Columbus, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his sentence obtained in the Glynn County, Georgia, Superior Court.[1] (Doc. 1.)  Respondent filed an Answer-Response and a Motion to Dismiss.  (Docs. 15, 16.) Brooks filed a Response.  (Doc. 18.)  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Brooks' Petition **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Brooks *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Brooks pleaded guilty to robbery by intimidation as a lesser included offense of armed robbery on November 26, 2013, and he was sentenced to a "split" sentence of twenty (20) years, with fourteen (14) years to serve in prison and the balance to serve on probation.  (Doc. 16-1, p. 1.)  The December 9, 2013, final disposition originally stated Brooks was guilty of armed

---

[1] Brooks originally filed his Petition in the Middle District of Georgia on August 9, 2017.  (Doc. 1.)  That court transferred Brooks' Petition to this District, as Brooks challenges his Glynn County sentence. (Doc. 3 (citing 28 U.S.C. § 2241(d)).)

robbery, (doc. 1-1, p. 3), which was later amended on April 11, 2017, to reflect Brooks' guilty plea to robbery by intimidation, (id. at p. 4).   Brooks then filed a motion for sentence modification on May 2, 2017, (doc. 1, p. 5), and his motion was denied on June 19, 2017[2], (doc. 1-1, p. 6).  Brooks did not file a direct appeal.  (Doc. 16-1, p. 2.)

## DISCUSSION

In his Petition, which is entitled "Appeal" and which was executed on July 27, 2017, Brooks contends his sentence for robbery by intimidation violates Georgia's sentencing structure; he was not informed he would be given the same amount of time as he would have been given if he were found guilty of armed robbery when he agreed to plead guilty to a lesser included offense; he hoped he would receive a fair sentence by pleading guilty; and his sentence violates the Eighth Amendment.  (Doc. 1, pp. 2–3.)

Respondent avers Brooks' Petition should be dismissed because he failed to exhaust his available state court remedies.  (Doc. 16.)  Specifically, Respondent asserts Brooks did not raise any challenge to the voluntariness of his plea that he raises in this Section 2254 Petition via a direct appeal or through any state habeas proceedings.  (Id. at p. 5.)

In his Response to the Motion to Dismiss, Brooks contends his Section 2254 Petition serves as his attempt to appeal the denial of his motion to modify sentence in state court. (Doc. 18, p. 1.)  While Brooks alleges he does not understand why he needs to file a state habeas corpus application, he also alleges he filed a "timely" state habeas corpus application on November 22, 2017.  (Id.)  Brooks asserts he does not know the outcome of his state habeas proceedings because the state court does not "want to rule on this case."  (Id. at p. 2.)

The Court now addresses the parties' contentions.

---

[2]  The printed date of this order reflects a June 19, 2016, date, which appears to be a scrivener's error, as the clerk's date stamp reflects June 19, 2017, as the date of filing.  (Doc. 1-1, p. 6.)

### I.      Whether Brooks Exhausted his State Remedies

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first

satisfy the requirement that he seek relief from the courts within his state of conviction.  That

requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>
>> (B)(i) there is an absence of available State corrective process; or
>
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies

available in the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented."  28 U.S.C.

§ 2254(c).  The United States Supreme Court has held that "a state prisoner must present his

claims to a state supreme court in a petition for discretionary review in order to satisfy the

exhaustion requirement" when discretionary review "is part of the ordinary appellate review

process in the State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in

order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established

appellate review process."  Id. at 845.  This exhaustion requirement also extends to a state's

collateral review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012);

Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate

that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be

dismissed.  See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Brooks has not shown that this Court should entertain his federal petition.  Respondent has not waived the exhaustion requirement, and, in fact, argues Brooks failed to exhaust his available state remedies.  In addition, there is no evidence that there is no available corrective process in the State of Georgia.  See O.C.G.A. § 9-14-40, *et seq.*  According to Brooks, he has a pending state habeas application, which he filed on November 22, 2017, nearly four (4) months after he executed the instant Section 2254 Petition.  A Georgia court has yet to conduct a hearing or otherwise issue an order on Brooks' application.  In addition, there has not been an unreasonable amount of time which has elapsed since the time Brooks filed his motion for sentence modification and the date of this Report.  See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused

in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief[ ]" but finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies).

Brooks failed to exhaust his available state remedies prior to filing this Petition, and his Petition should be dismissed, without prejudice. Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss.

## II.      **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Brooks leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Brooks has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Brooks' Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of

Appealability.   Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   Thus, the Court should likewise **DENY** Brooks *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 16), **DISMISS without prejudice** Brooks' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.   I further **RECOMMEND** that the Court **DENY** Brooks leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.   See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.   The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge.   A party may not appeal a Magistrate Judge's report and recommendation directly to the United

7

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon Brooks and Respondent.

        **SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of March,

2018.


_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA